**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DOROTHY SPENCER and** | : | **No. 3:17cv298** |
| **KENNETH SPENCER,** | : | |
| **Plaintiffs** | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **CMH HOMES, INC., d/b/a CLAYTON** | : | |
| **HOMES-BLOOMSBURG; CMH** | : | |
| **MANUFACTURING, INC.; RCR** | : | |
| **CONSTRUCTION AND EXCAVATING,** | : | |
| **LLC; RICK ROMIG, a/k/a RICHARD** | : | |
| **ROMIG; RICKY L. ROMIG; and** | : | |
| **CYNTHIA A. ROMIG,** | : | |
| **Defendants** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## <u>MEMORANDUM</u>

Plaintiffs Dorothy Spencer and Kenneth Spencer (hereinafter "plaintiffs") assert a myriad of claims arising from their purchase of a mobile home from Defendants CMH Homes, Inc. d/b/a Clayton Homes-Bloomsburg, and CMH Manufacturing, Inc. (collectively "CMH Defendants").  Before the court for disposition is plaintiffs' and Defendants RCR Construction And Excavating, LLC, Rick Romig a/k/a Richard Romig, Ricky Romig, and Cynthia A. Romig's (collectively "RCR Defendants") joint motion to remand this case to the Court of Common Pleas of Columbia County, Pennsylvania.  For the reasons that follow, the court will grant this motion.

**Background**

The instant action arises from the CMH Defendants and RCR Defendants' construction and installation of a manufactured home.  On April 11, 2012, plaintiffs purchased a manufactured home from the CMH Defendants for $121,603.27.  (Doc.  2, Compl. ¶ 15).  Pursuant to the purchase agreement, the CMH Defendants agreed to place the manufactured home on top of a nine (9) foot high poured wall foundation. (Id. ¶ 23).

Subsequent to the purchase of the home, the CMH Defendants employed the RCR Defendants to pour the wall foundation.  (Id. ¶ 24).  On June 8, 2012, the RCR Defendants poured the foundation for the manufactured home.  (Id. ¶ 28).  On June 11, 2012, the CMH Defendants delivered and set plaintiffs' home on the foundation.  (Id. ¶ 29).

Plaintiffs moved into their new manufactured home on July 6, 2012. (Id. ¶ 30).  Shortly after moving in, plaintiffs observed a crack in the foundation against the back wall.  (Id. ¶ 33).  On July 22, 2012, plaintiffs discussed the crack in the foundation wall with the CMH and RCR Defendants, explaining that water had begun to seep into the basement through this crack.  (Id. ¶ 35).

2

Several months later, on May 9, 2013, plaintiffs notified the CMH Defendants of additional issues with their home, including: more cracks in the foundation walls and floor, improperly fastened entry door, disconnected main support beams, unsealed wood sub-framing, and challenges opening and closing various doors and windows throughout the house.  (Id. ¶¶ 38-42).

Based on these factual allegations, plaintiffs filed a nine-count complaint in the Court of Common Pleas of Columbia County.  (Doc. 2). Plaintiffs assert the following eight (8) state law causes of action against the CMH Defendants and RCR Defendants: Count I, breach of contract; Count II, unjust enrichment; Count III, negligence; Count IV, breach of express and implied warranties; Count V, breach of implied warranty of fitness for a particular purpose; Count VI, violation of Pennsylvania Unfair Trade Practices and Consumer Protection Law (hereinafter "UTPCPL"), 73 PA. STAT. § 201-1 *et seq.*; Count VIII, quantum meruit; and Count IX, promissory estoppel.  Plaintiffs also assert, in Count VII, a violation of the Magnuson-Moss Warranty Improvement Act, 15 U.S.C. §§ 2301-12.  On February 17, 2017, the CMH Defendants filed a notice of removal.  (Doc. 1).  Plaintiffs and the RCR Defendants filed a joint motion to remand on

3

March 13, 2017.  (Doc. 14).  The parties briefed their respective positions and the matter is ripe for disposition.

**Legal Standard**

Federal law provides that defendants may remove a civil action filed in a state court if the federal court would have had original jurisdiction over the action.  28 U.S.C. § 1441(a).  The removing defendants bear the burden of proving the existence of federal jurisdiction.  In re Processed Egg Prods. Antitrust Litig., 836 F. Supp. 2d 290, 294 (E.D. Pa. 2011) (citing Dukes v. U.S. Healthcare, Inc., 57 F.3d 350, 359 (3d Cir. 1995)). Defendants must also establish that all pertinent procedural requirements for removal have been met.  Shadie v. Aventis Pasteur, Inc., 254 F. Supp. 2d 509, 514 (M.D. Pa. 2003) (citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)).  "Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand."  Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985) (citations omitted).

**Discussion**

To remove a case from state to federal court, a defendant must

4

simply file a notice of removal with the federal district court for the district and division in which the state court action is pending.  28 U.S.C. § 1446(a).  A defendant's notice of removal must "be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b)(1).

In cases involving multiple defendants, "all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).  The Third Circuit Court of Appeals has held that the failure of all defendants to join in removal is a defect in removal procedure, but not a jurisdictional defect.  Balazik v. Cty. of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995).  As such, a party seeking to remand pursuant to a procedural defect must file a motion to remand under 28 U.S.C. §§ 1447(c) and 1446(a).  Id.

The decision to enter a remand order on the basis of a defect in removal procedure or for a lack of subject matter jurisdiction is within the discretion of the district court, and, whether erroneous or not, is not subject to appeal.  Cook v. Wikler, 320 F.3d 431, 437 (3d Cir. 2003) (citing Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 711-12 (1996)).  The

United States Supreme Court has noted that limiting review of remand orders supports "Congress's longstanding policy of not permitting interruption of the litigation of the merits of a removed case." <u>Powerex Corp. v. Reliant Energy Servs., Inc</u>., 551 U.S. 224, 238 (2007).

In the instant matter, plaintiffs and the RCR Defendants filed a timely motion to remand under 28 U.S.C. § 1447(c), alleging a procedural defect in the CMH Defendants' notice of removal.  Specifically, the CMH Defendants failed to properly obtain the written consent of the RCR Defendants to remove this action.  Thus, according to plaintiffs and the RCR Defendants, the court must remand this matter to state court.

In response, the CMH Defendants concede that the federal removal statute requires all defendants who have been properly joined and served to consent to removal.  (Doc. 19, CMH Defs.' Br. in Opp'n at 12-13).  The CMH Defendants further admit that they failed to obtain the RCR Defendants' consent to removal.  (<u>Id.</u>)  Acknowledging their removal's procedural shortcomings, the CMH Defendants argue that the "unique circumstances presented in this matter"–namely an arbitration provision– require the court to exercise its discretion and retain jurisdiction over this case.

The CMH Defendants cite no binding authority for the proposition that an arbitration provision compels federal courts to retain jurisdiction when confronted with a defect in the removal procedure, and our research has uncovered none.  Rather, federal law requires that in cases involving multiple defendants, "all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).

We recently determined the significance of a codefendant's consent to removal.  In A.R. v. Norris, we held that:

> a removing defendant, in their notice of removal, may not verify that all properly served codefendants consent to removal. Rather, a codefendant's consent to removal must take the form of: (1) clearly and unambiguously joining in the removing defendant's notice of removal; or (2) filing a separate written consent to removal with the court.

No. 3:15cv1780, 2015 WL 6951872, at *3 (M.D. Pa. Nov. 10, 2015); see also Baldy v. First Niagara Pavillion, C.C.R.L., LLV, 149 F. Supp. 3d 551, 560-63 (W.D. Pa. 2015) (same).

Here, the RCR Defendants provided no indication that they joined the CMH Defendants' notice of removal.  The RCR Defendants also failed to file a separate written consent to removal with the court.  Instead, the RCR Defendants filed a motion to remand this matter.  Thus, the CMH

7

Defendants' notice of removal is defective, and the court will remand this action to state court.

**Conclusion**

For the above-stated reasons, the CMH Defendants notice of removal is procedurally defective.  Accordingly, the court will remand this case to state court under 28 U.S.C. § 1447(c).  An appropriate order follows.

**Date:   03/30/2017**                              **s/ James M. Munley**
                                                  **JUDGE JAMES M. MUNLEY**
                                                  **United States District Court**